# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSE SAMUEL GUACHO LEMA,

     Petitioner,

     v.                                       Case No. 1:26-cv-01907 KWR-DLM

WARDEN, *Torrance County Detention Facility*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso*,
*U.S. Immigration and Customs Enforcement,*
TODD LYONS, *Acting Director,*
*Immigration and Customs Enforcement,*
TODD BLANCHE, *Acting U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*of Homeland Security,*

     Respondents.

## <u>ORDER DENYING HABEAS PETITION</u>

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 2**). Petitioner is a noncitizen who has been detained by ICE since January 10, 2026. He is detained pursuant to 8 U.S.C. § 1226(a), he received a bond hearing, and a final order of removal has not been issued. Petitioner asserts that his detention is prolonged in violation of *Zadvydas* and due process. As explained below, Petitioner's Petition is not well-taken and therefore is **DENIED**. Petitioner has not demonstrated that the length of his detention pending a decision on his removal violates his due process rights or *Zadvydas*.

## BACKGROUND

Petitioner is a citizen of Ecuador and a resident of Minneapolis, Minnesota. Doc. 2 at 3. He has lived in the United States since June 2023.  *Id.* He was taken into ICE custody on January

10, 2026. *Id.* On February 16, 2026, Petition filed a habeas petition in this district court, *Guacho Lema v. Lyons,* 1:26-cv-485-KG-GJF (D.N.M.). *See* Doc. 2 at 3-4. Chief United States District Judge Kenneth Gonzales granted the habeas petition, concluding that his detention is governed by the discretionary detention provisions of 8 U.S.C. § 1226(a) and ordering a bond hearing where the Government bore the burden to justify his continued detention by clear and convincing evidence. Doc. 2 at 4.

On April 2, 2026, an immigration judge held the bond hearing and denied bond. Doc. 2 at 4. On April 6, 2026, Petitioner filed a Motion for Enforcement of Habeas Writ and Immediate Release in Case No. 1:26-cv-00485-KG-GJF. Doc. 2 at 4. Chief Judge Gonzales denied the Motion to Enforce, concluding that the immigration judge applied the correct standard. Mem. Op. and Order, Doc. 17, *Guacho Lema v. Lyons,* Case No. 1:26-cv-00485-KG-GJF (D.N.M.).

On June 11, 2026, Petitioner filed the instant habeas petition. Petitioner asserts that his detention violates *Zadvydas* as his removal "is not reasonably foreseeable in the near future." Doc. 2 at 6-7. Petitioner also asserts that his detention is now prolonged, punitive, and violates due process.

**DISCUSSION**

*First*, Petitioner asserts that his detention violates *Zadvydas*. The Court disagrees. *Zadvydas* concerned the detention of a noncitizen who received a final order of removal and was detained under 8 U.S.C. § 1231 pending his removal from the country. *Zadvydas v. Davis*, 533 U.S. 678 (2001). It addressed the unique situation where a final order of removal was entered, but it was not significantly likely in the reasonably forseeable future that the noncitizen would be removed from the country, leading to indefinite detention. *Id.* at 690, 701. However, the *Jennings* Court stated that *Zadvydas* did not apply to detention prior to the entry of a removal order.

2

*Jennings*, 583 U.S. at 300–01 (Section 1225(b)(1) and (b)(2) "mandate detention until a certain point and authorize release prior to that point only under limited circumstances. As a result, neither provision can reasonably be read to limit detention to six months."); *see also Demore v. Kim*, 538 U.S. 510, 528 (2003) (explaining how the *Zadvydas* analysis does not apply to another statute (§ 1226(c)) that mandates detention during removal proceedings). Thus, *Zadvydas* does not apply here, as a final order of removal has not been entered.

Moreover, in an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief under *Zadvydas* for indefinite detention. *Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). The *Mwangi* court reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States. *Id.* Here, Petitioner has been detained for approximately five months, and he does not present any facts suggesting that a decision on his removal will not occur, or that his detention is merely punitive. Petitioner has not given any reason to believe that a decision on his removal will not be issued. Therefore, Petitioner's *Zadvydas* claim fails.

Alternatively, even assuming *Zadvydas* does apply here, as of the entry of this order Petitioner has not been detained for six months.

*Second,* Petitioner also asserts that the length of his detention violates due process. He asserts that he was detained on January 10, 2026, he received a bond hearing on April 2, 2026, and he remains detained. Petitioner has not carried his burden to show that his detention is prolonged and violates due process, or that he is entitled to a second bond hearing or release. To be sure, some courts have held that noncitizens detained under § 1226(a) pending a decision on removal are entitled to a bond hearing after their detention becomes prolonged. The Second Circuit held

that detainees are entitled to an additional bond hearing after their detention becomes prolonged. *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third and Ninth Circuits found that § 1226(a) did not entitle the petitioner to an additional bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022). The Court need not decide which line of cases to follow. Here, Petitioner has been detained for less than six months. He received a bond hearing less than three months ago, and therefore he has received the remedy for prolonged detention. Petitioner has not demonstrated that he is entitled to release over a bond hearing.

Alternatively, Petitioner has not demonstrated how his five-month detention is prolonged in violation of due process.  Petitioner summarily asserts a due process claim, but does not analyze his claim or submit authority in support of his claim. For example, should the Court apply the *Mathews* factors, and if so, how do those factors apply to the facts of this case? Considering the burden of proof as well as principle of party presentation, the Court declines to adjudicate a due process claim *sua sponte* without briefing by the parties.  Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States'" under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting

4

that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Petitioner is also responsible for asserting his own arguments and claims, and the Court is not required to argue on his behalf or act as his counsel. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."); *see also* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced."). Here, Petitioner failed to argue or carry his burden to show a due process violation for prolonged detention.

Alternatively, Petitioner has not cited to any authority that release is the appropriate remedy over a bond hearing for prolonged detention prior to the issuance of a removal order.  Therefore, Petitioner failed to carry his burden or failed to properly present this issue to the Court.

*Third*, the Court notes that Petitioner does not argue that his current detention violates substantive due process. However, Petitioner summarily argues that his detention is punitive. Petitioner has substantive due process rights. *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382,

5

1387 (10th Cir. 1981) ("[A]n excluded alien in physical custody within the United States may not be 'punished' without being accorded the substantive ... due process guarantees of the Fifth Amendment."). Respondents may violate a noncitizen's substantive due process rights if immigration detention becomes punitive. *Id.* Nevertheless, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." *United States v. Salerno*, 481 U.S. 739, 746 (1987).

In an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief for indefinite detention under *Zadvydas*. *Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). It reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States, and there was nothing in the record to suggest that the petitioner was unremovable. *Id.*

Here, Petitioner asserts that his detention is punitive, but does not expressly raise substantive due process. Petitioner has been detained for approximately five months, and he does not present any facts suggesting that a decision on his removal will not occur, or that his detention is merely punitive. Petitioner was detained on or about January 10, 2026. He received a bond hearing on April 2, 2026. His removal proceedings remain pending. Petitioner has not argued or presented evidence that his removal proceedings will not be adjudicated or processed, or that his removal from the country is not possible. Therefore, it is clear that Petitioner is being detained pending a decision on his removal, not to merely punish him. Moreover, his detention is reasonably related to the legitimate governmental purpose of adjudicating his removal and ultimately removing him from the country. Based on the arguments and record before the Court, the Court declines to find that Petitioner's substantive due process rights have been violated based on the

length of his detention pending a decision on his removal proceedings.  Therefore, Petitioner's substantive due process claim fails.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 2) is hereby **DENIED.**

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE